GLANCY BINKOW & GOLDBERG LLP
Lionel Z. Glancy (#134180)
Robert V. Prongay (#270796)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: info@glancylaw.com

KIRBY McINERNEY LLP
Ira M. Press *pro hac vice*
Sarah G. Lopez *pro hac vice*
825 Third Avenue, 16th Floor
New York, NY 10022
Telephone: (212) 371-6600
Facsimile: (212) 751-2540

*Counsel for Plaintiff and proposed Lead Plaintiff*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEMENT & CONCRETE WORKERS DISTRICT COUNCIL PENSION FUND<br><br>Plaintiff<br><br>v.<br><br><br>HEWLETT PACKARD COMPANY, and MARK A. HURD,<br><br>Defendants | CIVIL ACTION NO.: 12-CV-04115 (PJH)<br><br><br><u>CLASS ACTION</u><br><br>**NOTICE OF MOTION AND MOTION BY LOCAL 338 RETIREMENT FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE: November 28, 2012<br>TIME: 9:00 a.m.<br>JUDGE: Honorable Phyllis J. Hamilton<br>CTRM: 3 – 3rd Floor |

NOTICE OF MOTION AND MOTION BY LOCAL 338 RETIREMENT FUND FOR
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD
COUNSEL AND LIAISON COUNSEL

**TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ..........................................................................1

II. FACTUAL BACKGROUND..............................................................................2

III. PROCEDURAL BACKGROUND......................................................................3

IV. ARGUMENT .......................................................................................................4

    A. Local 338 Should Be Appointed as Lead Plaintiff in this Action ...........4

        1. Local 338 Is Making a Timely Motion in Response to a Notice...................................................................................5

        2. Local 338 Has the Largest Financial Interest in the Relief Sought by the Class................................................................5

        3. Local 338 Satisfies Rule 23's Typicality and Adequacy Requirements ..........................................................................6

            a. Local 338's Claims Are Typical of Those of the Class.....7

            b. Local 338 Will Fairly and Adequately Protect the Class's Interests ..............................................................8

        4. Local 338 Is Precisely the Type of Lead Plaintiff the PSLRA Envisions.................................................................................9

    B. The Court Should Approve Local 338's Selection of Lead Counsel ....10

V. CONCLUSION...................................................................................................11

NOTICE OF MOTION AND MOTION BY LOCAL 338 RETIREMENT FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL

## **TABLE OF AUTHORITIES**

### Cases

*Aronson v. McKesson HBOC, Inc.*,
 79 F. Supp. 2d 1146 (N.D. Cal. 1999) .................................................................................. 6

*In re Cavanaugh*,
 306 F.3d 726 (9th Cir. 2002) ................................................................................... 4, 5, 6, 10

*Crossen v. CV Therapeutics*,
 No. C 03-03709 SI, 2005 WL 1910928 (N.D. Cal. Aug. 10, 2005) ................................... 7

*Ferrari v. Gisch*,
 225 F.R.D. 599 (C.D. Cal. 2004) ........................................................................................ 8

*Garber v. Juniper Networks, Inc.*,
 No. C-06-04327 JW, 2006 WL 3365547 (N.D. Cal. Nov. 20, 2006) ............................... 5

*Hanlon v. Chrysler Corp.*,
 150 F.3d 1011 (9th Cir.1998) .............................................................................................. 8

*In re Cendant Corp. Litig.*,
 264 F.3d 201 (3d Cir. 2001) ......................................................................................... 9, 10

*In re Northern Dist of Cal., Daikon Shield IUD Prod. Lab. Litig.*,
 693 F.2d 847 (9th Cir.1982) .............................................................................................. 8

*In re SiRF Tech. Holdings, Inc. Sec. Litig.*,
 No. C 08-0856 MMC, 2008 WL 2220601 (N.D. Cal. May 27, 2008) ............................... 9

*In re Surebeam Corp. Sec. Litig.*,
 No. 03-cv-1721, 2004 WL 5159061 (S.D. Cal. Jan. 5, 2004) ............................................ 8

*Morris v. Smith Micro Software Inc.*
 SACV 11-0976 AG (ANx) (C.D. Cal. Oct. 17, 2011) ....................................................... 6

*Perlmutter v. Intuitive Surgical, Inc.*,
 No. 10-CV-03451-LHK, 2011 WL 566814 (N.D. Cal. Feb. 15, 2011) ................... 5, 8, 9

*Richardson v. TVIA, Inc.*,
 No. C 06 06304 RMW, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007) ............................ 8

*Slaven v. BP Am., Inc.*,
 190 F.R.D. 649 (C.D. Cal. 2000) ....................................................................................... 7

*Staton v. Boeing Co.*,
 327 F.3d 938 (9th Cir. 2003) .............................................................................................. 8

NOTICE OF MOTION AND MOTION BY LOCAL 338 RETIREMENT FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL

*Takeda v. Turbodyne Techs., Inc.*,
   67 F. Supp. 2d 1129 (C.D. Cal. 1999) .................................................................................. 8

*Wenderhold v. Cylink Corp.*,
   188 F.R.D. 577 (N.D. Cal. 1999) ......................................................................................... 6

*Zucker v. Zoran Corp.*,
   No. C 06-04843 WHA, 2006 WL 3591156 (N.D. Cal. Dec. 11, 2006) .......................................... 7

**Statutes**

15 U.S.C. § 78u-4(a). .............................................................................................................. 4, 5, 10

15 U.S.C. § 78j(b) ............................................................................................................................. 2

15 U.S.C. § 78t(a) ............................................................................................................................. 2

17 C.F.R. § 240.10b-5 ....................................................................................................................... 2

Fed. R. Civ. P. 23(a)(4) ..................................................................................................................... 8

**Other Authorities**

H.R. Conf. Rep. No. 104-369 at 35, *reprinted in* 1995 U.S.C.C.A.N. at 734 .................................. 10

S. Rep. No. 104-98, at 10 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 690 ..................................... 9

H.R. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733) ............................ 9

NOTICE OF MOTION AND MOTION BY LOCAL 338 RETIREMENT FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL

iii

# NOTICE OF MOTION AND MOTION

**TO: THE CLERK OF THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD**

**PLEASE TAKE NOTICE** that on November 28, 2012 at 9:00 a.m. or as soon thereafter as the matter can be heard, in the courtroom of the Honorable Phyllis J. Hamilton, situated at Oakland Courthouse, Courtroom 3 – 3rd Floor, 1301 Clay Street, Oakland CA 94612, Retail Wholesale & Department Store Union Local 338 Retirement Fund ("Local 338" or "Movant") will move, and hereby moves, under Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an order: (1) appointing Local 338 as Lead Plaintiff for a proposed class action brought on behalf of all persons who purchased the common stock of Hewlett-Packard Company ("HP" or the "Company") between November 13, 2007 and August 6, 2010, inclusive (the "Class Period") and held those shares as of the close of trading on August 6, 2010; and (2) approving Local 338's selection of Kirby McInerney LLP as Lead Counsel and Glancy Binkow & Goldberg LLP as Liaison Counsel on behalf of the Class.

This motion is brought pursuant to the Exchange Act, the Federal Rules of Civil Procedure, and the PSLRA.

This Motion is based on this Notice, Memorandum of Points and Authorities, the Declaration of Ira M. Press, and the Court's complete files and records in this action, as well as such further argument as the Court may allow at the hearing on this Motion.

A copy of this Notice has been sent to all parties on the attached proof of service.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PRELIMINARY STATEMENT

Local 338 respectfully submits this Memorandum of Points and Authorities in support of its Motion, pursuant to Section 21D(a)(3) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3), as amended by the PSLRA, for the entry of an order: (1) appointing Local 338 as Lead Plaintiff for a proposed Class consisting of all persons who purchased the common stock of HP between November 13, 2007 and

August 6, 2010, inclusive (the "Class Period") and held those shares as of the close of trading on August 6, 2010; and (2) approving Local 338's selection of Kirby McInerney LLP as Lead Counsel on behalf of the proposed Class.

This is a securities fraud class action brought on behalf of all persons who purchased HP common stock during the Class Period and held those shares as of the close of trading on August 6, 2010. The action asserts claims against HP and HP's former CEO, Mark A. Hurd ("Hurd") for violations of §§ 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)), and Rule 10b-5 (17 C.F.R. § 240.10b-5) promulgated thereunder by the SEC.

Local 338 is a member of the proposed Class. This motion is made on the grounds that Local 338 is the most adequate plaintiff, as defined by the PSLRA. Local 338 suffered significant losses from Class Period HP investments; Local 338's claims are typical of those of other class members; and it is respectfully submitted that Local 338 will be an adequate representative of the Class.

## II.     FACTUAL BACKGROUND

Prior to and throughout the Class Period, Defendants issued statements regarding the ethical standards applicable to HP employees and officers. In particular, HP issued a Standards of Business Conduct Brochure (SBC) in 2006, May 2008 and June 2010. All of these versions of the SBC included statements concerning, *inter alia*, HP's purported standards governing interpersonal conduct, the use of company resources, and the maintenance of accurate business records.

Upon information and belief, as of the commencement of the Class Period, HP made the 2006 SBC available to the public on HP's website. In May 2008 HP published an updated version of the 2006 SBC. Upon information and belief, the May 2008 SBC was made publicly available on the HP website in May 2008. In June 2010, HP once again published an updated version of the SBC and, upon information and belief, the June 2010 SBC was made publicly available on the HP website in June 2010.

On or around November 13, 2007, HP Vice President and Chief Ethics and Compliance Officer Jon Hoak spoke about HP's commitment to a culture of integrity at a meeting with members of the Business and Organizational Ethics Partnership at the Markkula Center for Applied Ethics at

NOTICE OF MOTION AND MOTION BY LOCAL 338 RETIREMENT FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL

2

Santa Clara University. Hoak described HP's new vision for ethics and compliance as a competitive advantage and detailed the action items his office laid out to rebuild the company's reputation. Those items included revising the SBC code and enhancing the HR process related to the SBC, including holding employees at all levels accountable. Additionally, the numerous annual and quarterly reports on Forms 10-K and 10-Q that HP filed with the SEC during the Class Period referenced HP's agreements to settle certain shareholder derivative actions. Among the terms agreed to in connection with these settlements were enhancements of HP's ethics practices. One of the Settlement Agreements was filed in California State Court as of December 18, 2007, the Notice was disseminated to derivative class members on or around January 11, 2008 and the Summary Notice was published in *The New York Times* and *The Wall Street Journal* on or around January 21, 2008.

Unbeknownst to plaintiff and the Class, throughout the Class Period Defendant Hurd had been knowingly and materially violating HP's SBC in a manner that jeopardized his continued employment at the Company. These violations were material to investors because they subjected Hurd to the risk of dismissal from HP. Throughout the Class Period, HP's SEC filings warned of the material consequences that could arise from the departure of key personnel. Yet, at no time did Defendants disclose that Hurd was engaging in conduct that subjected him to dismissal.

On August 6, 2010, HP announced Hurd's departure from the Company. HP followed the press release with a conference call that evening, revealing for the first time that, despite HP's public statements about its standards of business conduct, and despite HP's warnings of the risks to the Company of key personnel departures, Hurd had knowingly violated those standards, leading to his dismissal. Specifically, both independent and HP counsel investigated Hurd in connection with allegations of sexual harassment, which uncovered conduct resulting in his resignation.

HP's share price fell sharply in response to the Company's disclosure of Hurd's violations of its standards of conduct and his resignation.

### III.   PROCEDURAL BACKGROUND

Cement & Concrete Workers District Council Pension Fund commenced this action on August 3, 2012, and on August 17, 2012 counsel for plaintiff published a notice of the pendency of

NOTICE OF MOTION AND MOTION BY LOCAL 338 RETIREMENT FUND FOR
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD
COUNSEL AND LIAISON COUNSEL
3

plaintiff's case in *Investor's Business Daily,* a widely circulated national business-oriented newspaper. *See* Declaration of Ira M. Press In Support of Motion of Local 338 For Appointment As Lead Plaintiff and For Approval of Lead Plaintiff's Selection of Lead Counsel and Liaison Counsel (the "Press Decl."), Exhibit 1.

## IV.   ARGUMENT

### A.   Local 338 Should Be Appointed as Lead Plaintiff in this Action

Local 338 meets every prerequisite for appointment as Lead Plaintiff in this Action. The PSLRA provides a straightforward procedure for selecting lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B) (setting forth procedure for selecting lead plaintiff); *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (same).

Under the PSLRA, a court is to consider any motion made by class members and appoint the movant that the court determines to be most capable of adequately representing the interests of the class as lead plaintiff.  Specifically, the PSLRA provides that a court:

> shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (. . . the "most adequate plaintiff") . . . .

15 U.S.C. § 78u-4(a)(3)(B)(i).

In adjudicating a lead plaintiff motion, courts adopt the presumption that the "most adequate plaintiff" is the person or group of persons who: (1) filed a complaint or made a motion to serve as lead plaintiff; (2) has the largest financial interest in the relief sought by the class; and (3) who otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Cavanaugh*, 306 F.3d at 729-30.

Under the sequential procedure set forth by the Ninth Circuit in *Cavanaugh*, this presumption may be rebutted only by proof that the presumptive most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such

NOTICE OF MOTION AND MOTION BY LOCAL 338 RETIREMENT FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL
4

plaintiff incapable of adequately representing the class." *Id.* at 741; *see also* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Local 338 meets each of these statutory prerequisites and thus is entitled to the presumption that it is the most adequate Lead Plaintiff for the Class.

### 1. Local 338 Is Making a Timely Motion in Response to a Notice

On August 17, 2012 counsel for plaintiff Cement & Concrete Workers District Council Pension Fund published a notice of pendency of this action pursuant to Section 21D(a)(3)(A)(i) of the PSLRA,[1] announcing that a securities class action had been filed against Defendants herein, and advising purchasers of HP common stock they had 60 days to file a motion to be appointed Lead Plaintiff. *See* Press Decl., Ex. 1. Movant is filing the instant motion within 60 days of that published notice, and submits herewith its sworn certification attesting that it is willing to serve as representative of the Class and willing to provide testimony at deposition and trial, if necessary. *See* Press Decl., Ex. 2. Movant therefore satisfies the requirement of either filing a complaint or making a motion in response to a published notice.

### 2. Local 338 Has the Largest Financial Interest in the Relief Sought by the Class

In selecting the presumptive lead plaintiff, "the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *Perlmutter v. Intuitive Surgical, Inc.*, No. 10-CV-03451-LHK, 2011 WL 566814, at *2 (N.D. Cal. Feb. 15, 2011) (citing *Cavanaugh*, 306 F.3d at 529-30); *see also Garber v. Juniper Networks, Inc.*,

---

[1] Section 21D(a)(3)(A)(i) of the PSLRA provides that within 20 days after the date on which a class action is filed, the plaintiff shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class:
    (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
    (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.
15 U.S.C. § 78u-4(a)(3)(A)(i).

NOTICE OF MOTION AND MOTION BY LOCAL 338 RETIREMENT FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL

1 No. C-06-04327 JW, 2006 WL 3365547, at *1-2 (N.D. Cal. Nov. 20, 2006) (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)).

During the Class Period, Local 338 purchased 159,350 shares of HP common stock, with a total Class Period Expenditure of $7,102,753.50. Movant purchased 67,550 shares net of LIFO-recognized sales, with an expenditure of $3,608,568 net of proceeds from LIFO-recognized sales. Movant's losses on shares purchased during the Class Period that were still held as of the close of trading on August 6, 2012 were $395,854.34 when purchases and sales are matched on a LIFO basis, and $264,598.79 when purchases and sales are matched on a FIFO basis. *See* Press Decl., Exs. 2, 3 (Certification and Loss Analysis). Local 338 is presently unaware of any other movant with a larger financial interest in the outcome of the Action.

Consequently, and because it also satisfies Rule 23's typicality and adequacy requirements, Local 338 is entitled to the legal presumption that it is the most adequate plaintiff.

### 3. Local 338 Satisfies Rule 23's Typicality and Adequacy Requirements

In addition to the largest financial interest requirement, the PSLRA also directs that the lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 . . . ." 15 U.S.C. § 78u-(4)(a)(3)(B)(iii)(I)(cc). With respect to class representative's qualifications, Rule 23(a) generally requires that its claims be typical of the class's claims and that it will fairly and adequately protect the class's interests. With respect to class certification, Rule 23(a) requires that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the representative's claims are typical of those of the class; and (4) the representative will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23(a). However, "[a]t the lead plaintiff selection stage, all that is required is a 'preliminary showing' that the lead plaintiff's claims are typical and adequate." *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1158 (N.D. Cal. 1999) (quoting *Wenderhold v. Cylink Corp.*, 188 F.R.D. 577, 587 (N.D. Cal. 1999)); *see also Morris v. Smith Micro Software Inc.* ("*Smith Micro*"), SACV 11-0976 AG (ANx), slip op. at 3 (C.D. Cal. Oct. 17, 2011) ("When considering a motion to appoint a lead plaintiff under the

PSLRA, courts focus primarily on the typicality and adequacy prongs of Rule 23.") (citing *Cavanaugh*, 306 F.3d at 730), attached as Press Decl., Ex. 4.

As detailed below, Local 338 satisfies the typicality and adequacy requirements of Rule 23(a), and is qualified to be appointed as Lead Plaintiff in this Action.

### a. The Claims of Local 338 Are Typical of Those of the Class

Rule 23(a)(3)'s typicality requirement is satisfied when the plaintiff "(1) suffered the same injuries as class members; (2) as a result of the same course of conduct; and (3) their claims are based on the same legal issues." *Zucker v. Zoran Corp.*, No. C 06-04843 WHA, 2006 WL 3591156, at *3 (N.D. Cal. Dec. 11, 2006). Rule 23(a) requires only that resolution of the common questions affect all, or a substantial number of, class members. *Slaven v. BP Am., Inc.*, 190 F.R.D. 649, 657 (C.D. Cal. 2000).

In this case, the typicality requirement is met because Local 338's claims *are* identical to the claims of the other Class Members. Local 338 and all the members of the Class purchased HP common stock when the stock prices were artificially inflated as a result of Defendants' misrepresentations and omissions, and thus, both Local 338 and the Class Members suffered damages as a result of these purchases. Here, the legal and factual bases for the claims of Local 338 are typical of the claims of the members of the class, in that Local 338 and other class members must show:

(a) whether Defendants' actions violated the federal securities laws;

(b) whether Defendants caused HP to issue false and misleading statements;

(c) whether Defendants' conduct caused the market price of HP securities to be artificially inflated during the Class Period and thereby caused the losses suffered by class members; and

(d) whether the members of the class have sustained damages and, if so, what is the proper measure of damages.

Because Local 338's claims and injuries "arise from the same event or course of conduct that [gave] rise to the claims of other class members," the typicality requirement is met. *See Crossen v. CV Therapeutics*, No. C 03-03709 SI, 2005 WL 1910928, at *4 (N.D. Cal. Aug. 10, 2005).

NOTICE OF MOTION AND MOTION BY LOCAL 338 RETIREMENT FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL

7

1     Moreover, because this action involves well-defined common questions of law and fact, Local 338's claims -- which are not subject to any unique defenses -- are typical of the claims of the members of the proposed class. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) ("Under [Rule 23's] permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical."). These shared claims, which are based on the same legal theories and arise from the same events and course of conduct as the Class' claims, satisfy Rule 23(a)(3)'s typicality requirement. *In re Surebeam Corp. Sec. Litig.*, No. 03-cv-1721, 2004 WL 5159061, at *6 (S.D. Cal. Jan. 5, 2004) (reciting typicality standard).

### b. Local 338 Will Fairly and Adequately Protect the Interests of the Class

Rule 23's adequacy of representation requirement is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Accordingly:

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it unlikely that the action is collusive.

*Takeda v. Turbodyne Technologies, Inc.,* 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999) (citing *In re Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir.1982)).[2]

Local 338 will fairly and adequately represent the interests of the proposed Class. The interests of Local 338 are not antagonistic to those of the Class and are clearly aligned with its

---

[2] *See also Perlmutter*, 2011 WL 566814, at *13 (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) ("The test for adequacy asks whether the class representative and his counsel 'have any conflicts of interest with other class members' and whether the class representative and his counsel will 'prosecute the action vigorously on behalf of the class.'"); *Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) ("The adequacy requirement is met if no conflicts exist between the representative's interests and those of the class, and the representative's attorneys are qualified, experienced and generally able to conduct the litigation."); *Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004) ("A lead plaintiff is adequate when there are 'common interests between the proposed lead plaintiff and the class, and a willingness on the part of the proposed lead plaintiff to vigorously prosecute the action.'").

members' interests. As detailed above, the claims of Local 338 share substantially similar questions of law and fact with the claims of members of the proposed Class, and its claims are typical of the claims of members of the Class. In addition, Local 338 has selected counsel that is highly experienced in prosecuting securities class actions such as this vigorously and efficiently to serve as co-lead counsel. *See* Press Decl., Ex. 5 (Firm Resume of Kirby McInerney). Local 338 suffered substantial losses due to Defendants' alleged fraud and, therefore, has a sufficient interest in the outcome of this case to ensure vigorous prosecution of the Action. Accordingly, Local 338 satisfies Rule 23's adequacy requirement.

### 4. Local 338 Is Precisely the Type of Lead Plaintiff the PSLRA Envisions

In addition to satisfying Rule 23's requirements, Local 338, as a large, sophisticated institutional investor, is exactly the type of investor Congress sought to encourage to assume a more prominent role in securities litigation when it enacted the PSLRA. *See In re SiRF Tech. Holdings, Inc. Sec. Litig.*, No. C 08-0856 MMC, 2008 WL 2220601, at *3 (N.D. Cal. May 27, 2008) (noting that "by enacting the PSLRA, Congress sought to increase the participation of institutional investors in securities class actions"); *see also Perlmutter*, 2011 WL 566814, at *13 ("Th[e] decision to appoint . . . an institutional investor[] also comports with the PSLRA's goal to increase the likelihood that institutional investors would serve as lead plaintiffs."). Congress sought "to increase the likelihood that institutional investors will serve as lead plaintiff[]," in part, because "[i]nstitutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake." *In re Cendant Corp. Litig.*, 264 F.3d 201, 244, 264 (3d Cir. 2001) (quoting S. Rep. No. 104-98, at 10 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 690 and H.R. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733)).

Local 338 answers the PSLRA's call for exceptionally qualified investors to lead this litigation. Local 338 is based in Queens, New York and manages assets in excess of $318 million, *see* Standard & Poor's, *The Money Market Directory of Pension Funds and their Investment*

NOTICE OF MOTION AND MOTION BY LOCAL 338 RETIREMENT FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL

9

*Managers*, at 1110 (2011), on behalf of over 12,000 persons. Local 338 is a sophisticated institutional investor with sufficient resources to adequately litigate the Action and supervise Class counsel. Local 338 understands the fiduciary duties of a lead plaintiff. Thus, Local 338 is the very personification of the lead plaintiff the PSLRA contemplates.

### B. The Court Should Approve Local 338's Selection of Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel for the class, subject to the court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). "[T]he court should generally employ a deferential standard in reviewing the lead plaintiff's choices." *Cendant*, 264 F.3d at 274. Courts should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the plaintiff class." H.R. Conf. Rep. No. 104-369 at 35, *reprinted in* 1995 U.S.C.C.A.N. at 734; *see also Cavanaugh*, 306 F.3d at 734 ("Selecting a lawyer in whom a litigant has confidence is an important client prerogative and we will not lightly infer that Congress meant to take away this prerogative from securities plaintiffs. And, indeed, it did not. While the appointment of counsel is made subject to the approval of the court, the Reform Act clearly leaves the choice of class counsel in the hands of the lead plaintiff.").

In the present case, Local 338 has retained Kirby McInerney LLP, highly qualified counsel, to pursue this litigation on its behalf, and will retain this firm as Plaintiff's Lead Counsel on behalf of the class, and the law firm of Glancy Binkow & Goldberg LLP as Liaison Counsel, in the event it is appointed Lead Plaintiff. Kirby McInerney possesses extensive experience in the area of securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm resume attached to the Press Declaration as Exhibit 5. As a result of their extensive experience in litigation involving issues similar to those raised in this action, Local 338's proposed counsel have the skill and knowledge that will enable them to prosecute this action effectively and expeditiously.

Thus, the Court may be assured that, by granting Local 338's motion, the Class will receive the highest caliber of legal representation.

## V. CONCLUSION

For the foregoing reasons, Local 338 respectfully requests that the Court: (1) appoint Local 338 as Lead Plaintiff; and (2) approve its selection of Kirby McInerney as Lead Counsel and Glancy Binkow & Goldberg LLP as Liaison Counsel.

DATED: October 16, 2012             Respectfully Submitted,

By: *s/ Lionel Z. Glancy*
Lionel Z. Glancy
Robert V. Prongay
GLANCY BINKOW & GOLDBERG LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: info@glancylaw.com

*Plaintiff's Counsel and Proposed Liaison Counsel for Plaintiffs*

KIRBY McINERNEY LLP
Ira M. Press
Sarah G. Lopez
825 Third Avenue, 16th Floor
New York, NY 10022
Telephone: (212) 371-6600
Facsimile: (212) 751-2540

*Plaintiff's Counsel and Counsel for Proposed Lead Plaintiff*

**PROOF OF SERVICE VIA ELECTRONIC POSTING PURSUANT TO NORTHERN DISTRICT OF CALIFORNIA LOCAL RULES AND LOCAL CIVIL RULE 5-1**

I, the undersigned say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court. I am over the age of 18 and not a party to the within action. My business address is 1925 Century Park East, Suite 2100, Los Angeles, California 90067.

On October 16, 2012, I caused to be served the following documents:

**NOTICE OF MOTION AND MOTION BY LOCAL 338 RETIREMENT FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**[PROPOSED] ORDER**

By posting the documents to the ECF Website of the United States District Court for the Northern District of California, for receipt electronically by the parties as reflected on the attached Court's Service List.

And on any non-ECF registered party:

**By Mail**: By placing true and correct copies thereof in individual sealed envelopes, with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service. I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service that same day.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 16, 2012, at Los Angeles, California.

*s/ Lionel Z. Glancy*
Lionel Z. Glancy

NOTICE OF MOTION AND MOTION BY LOCAL 338 RETIREMENT FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL.

# Mailing Information for a Case 4:12-cv-04115-PJH

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Lionel Z. Glancy**
  info@glancylaw.com,lboyarsky@glancylaw.com,lglancy@glancylaw.com

- **Sarah G. Lopez**
  slopez@kmllp.com

- **Ira M. Press**
  ipress@kmllp.com,plinden@kmllp.com,lmorris@kmllp.com,slopez@kmllp.com

- **Robert Vincent Prongay**
  rprongay@glancylaw.com,mmgoldberg@glancylaw.com

- **Andrew Michael Purdy**
  apurdy@morganlewis.com

- **Diane Leslie Webb**
  dwebb@morganlewis.com,cericson@morganlewis.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)