| | |
|---|---|
| 1 | MORGAN, LEWIS & BOCKIUS LLP |
| | DIANE L. WEBB (State Bar No. 197851) |
| 2 | ANDREW M. PURDY (State Bar No. 261912) |
| | One Market, Spear Street Tower |
| 3 | San Francisco, CA 94105-1126 |
| | Tel:   415.442.1000 |
| 4 | Fax:   415.442.1001 |
| | Email: dwebb@morganlewis.com |
| 5 | apurdy@morganlewis.com |
| 6 | Attorneys for Defendant |
| | HEWLETT PACKARD COMPANY |
| 7 | |
| 8 | GLANCY BINKOW & GOLDBERG LLP |
| | LIONEL Z. GLANCY (State Bar No. 134180) |
| | ROBERT V. PRONGAY (State Bar. No. 270796) |
| 9 | 1925 Century Park East |
| | Suite 2100 |
| 10 | Los Angeles, CA 90067-2722 |
| | Tel:   310.201.9150 |
| 11 | Fax:   310.201.9160 |
| | Email: info@glancylaw.com |
| 12 | rprongay@glancylaw.com |
| 13 | KIRBY MCINERNEY LLP |
| | IRA M. PRESS (Admitted *Pro Hac Vice*) |
| 14 | SARAH G. LOPEZ (Admitted *Pro Hac Vice*) |
| | 825 Third Avenue |
| 15 | New York, NY 10022 |
| | Tel:   212.317.6600 |
| 16 | Fax:   212.751.2540 |
| | Email: ipress@kmllp.com |
| 17 | slopez@kmllp.com |
| 18 | Attorneys for Plaintiff |
| | CEMENT & CONCRETE |
| 19 | WORKERS DISTRICT COUNCIL PENSION FUND |

[Caption Continued on Next Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEMENT & CONCRETE WORKERS DISTRICT COUNCIL PENSION FUND, | Case No. CV12-04115 PJH<br><br>**STIPULATION AND [~~PROPOSED~~] ORDER RESETTING DATES IN** |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. CV12-04115 PJH
STIPULATION AND [PROPOSED] ORDER
RESETTING DATES

1

| | |
|---|---|
| Plaintiff,<br><br>v.<br><br>HEWLETT PACKARD COMPANY and MARK A. HURD,<br><br>Defendants. | **COURT'S ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND RELATED DEADLINES**<br><br>**[CIVIL L.R.  6-2, 7-12]** |

Pursuant to Civil Local Rules 6-2 and 7-12, the parties who have appeared in this action to date – plaintiff Cement & Concrete Workers District Council Pension Fund ("Plaintiff") and defendant Hewlett Packard Company ("HP," and with Plaintiff, the "Parties") – hereby agree and stipulate that good cause exists to request an order from the Court rescheduling the Parties' Initial Case Management Conference, set pursuant to this Court's August 7, 2012 Order (Document No. 6) (the "August 7, 2012 Order"), and to adjust accordingly the related deadlines set forth therein.

**RECITALS**

WHEREAS, Plaintiff's putative class action complaint, filed August 3, 2012 ("Complaint"), alleges that HP and Mr. Hurd violated Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder, and that Mr. Hurd has violated Section 20(a) of the Exchange Act.

WHEREAS, under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), when a putative class action alleging securities fraud is filed, a process must be followed whereby the plaintiff gives notice to the putative class, motion(s) for appointment of lead plaintiff are filed, and the Court appoints lead plaintiff(s) and approves the selection of lead counsel.  15 U.S.C. § 78u-4(a).

WHEREAS, Plaintiff provided notice to the putative class, and on October 16, 2012, Retail Wholesale & Department Store Union Local 338 Retirement Fund, represented by the same counsel who currently represents Plaintiff, filed a motion for appointment of lead plaintiff and approval of selection of lead counsel and liaison counsel, setting a hearing date of November 28, 2012.  Plaintiff Cement & Concrete Workers District Council Pension Fund did not file a motion for appointment as lead plaintiff.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. CV12-04115 PJH
STIPULATION AND [PROPOSED] ORDER
RESETTING DATES

2

1    WHEREAS, on October 15, 2012, Plaintiff requested that HP waive service of the summons and complaint in this action. The waiver sets forth that HP must file and serve and answer or motion under Federal Rule of Civil Procedure 12 by December 14, 2012. HP executed the waiver on October 16, 2012, and it was electronically filed the same day by Plaintiff.

WHEREAS, defendant Mark Hurd has not yet been served or appeared in this action.

WHEREAS, the August 7, 2012 Order directs the Parties to meet, confer and complete initial disclosures prior to Plaintiff serving all parties, and prior to any of the causes of action being at issue. The Parties believe it is in their best interest to postpone any such disclosures until such time that all defendants have been served, lead plaintiff has been appointed, lead plaintiff's selection of lead counsel has been approved, lead plaintiff has filed any amended complaint, HP has had the opportunity to file any motion to dismiss under the heightened pleading standards of the PSLRA, and the Court has ruled on HP's anticipated motion to dismiss. Any disclosures and negotiations about ADR or a discovery plan would be premature at this time as the Court has not yet appointed lead plaintiff or approved the selection of lead counsel, and it is unclear whether the pending complaint will be the operative complaint.

WHEREAS, the Parties further believe that postponement of initial disclosures and any discussions about discovery at this time is proper because the PSLRA stays all discovery and other proceedings, including initial disclosures, pending the disposition of motions to dismiss in securities actions such as this one. *See Medhekar v. United States Dist. Court*, 99 F.3d 325, 328-29 (9th Cir. 1996) (holding F.R.C.P. 26(a)'s initial disclosure requirements are disclosures or other proceedings for purposes of PSLRA's stay provision, and must be stayed pending disposition of motion to dismiss).

THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the respective parties hereto, that:

1. HP shall not be required to, and shall not waive any rights, arguments or defenses by waiting to answer, move or otherwise respond to the Complaint in this action until after the appointment of a lead plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B) and after the filing by such lead plaintiff of an amended complaint (or statement of intent by such lead plaintiff to proceed on

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. CV12-04115 PJH
STIPULATION AND [PROPOSED] ORDER
RESETTING DATES

3

the original Complaint).

2. Lead plaintiff shall either file an amended complaint, or state that it intends to proceed on the original Complaint, no later than 45 days after entry of an order appointing the lead plaintiff pursuant to §21D(a)(3)(B), 15 U.S.C. §78u-4 of the Securities Exchange Act of 1934.

3. The time for HP to answer, move or otherwise respond to the amended complaint shall be 45 days from the filing of such lead plaintiff's amended complaint.

4. In the event HP files a motion to dismiss the amended complaint, lead plaintiff shall have 45 days from filing of such motion in which to file papers in opposition to the motion. HP shall have 21 days from the filing of lead plaintiff's opposition papers in which to file reply papers.

5. The Initial Case Management Conference shall be held 30 days after an order directing HP to file an answer (if any), or no later than August 31, 2013, or as soon as possible thereafter consistent with the Court's schedule. The Rule 26(f) conference between the Parties will take place no later than August 10, 2013 and the Joint Status Report will be submitted no later than August 17, 2013.

6. In the event the Court does not approve the proposed schedule set forth above, the Parties request that the Court reschedule the deadlines for the Rule 26(f) meet and confer, for filing the Rule 26(f) Report and the date of the Initial Case Management Conference to a time after the Court has ruled on HP's anticipated motion to dismiss.

7. This Stipulation is entered into without prejudice to any party seeking any interim relief.

8. Nothing in this Stipulation shall be construed as a waiver of any of HP's rights or positions in law or equity, or as a waiver of any defenses that HP would otherwise have, including, without limitation, jurisdictional defenses.

9. The Parties have not sought any other extensions of time in this action.

10. The Parties do not seek to reset these dates for the purpose of delay, and the proposed new dates will not have an effect on any pre-trial and trial dates as the Court has yet to

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. CV12-04115 PJH
STIPULATION AND [PROPOSED] ORDER
RESETTING DATES

4

1  schedule these dates.

2      WHEREFORE, the Parties respectfully request that this Court issue an order granting the

3  parties' request to reset the Initial Case Management Conference and related deadlines as set forth

4  in the following [Proposed] Order.

5      **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

6  Dated:  October 18, 2012        GLANCY BINKOW & GOLDBERG LLP

8          By  /s/ Robert V. Prongay
          Attorneys for Plaintiff
9            CEMENT & CONCRETE
          WORKERS DISTRICT COUNCIL
10           PENSION FUND

11 Dated:  October 18, 2012        MORGAN, LEWIS & BOCKIUS LLP

13         By  /s/ Diane L. Webb
          Attorneys for Defendant
          HEWLETT PACKARD COMPANY

**ORDER**

For good cause shown, it is so ORDERED.  The case management conference is continued to August 29, 2013 at 2:00 p.m.  A joint case management conference statement shall be filed by August 22, 2013.

Date: October  22, 2012

        Phyllis J. Hamilton
        UNITED STATES DISTRICT COURT JUDGE

CASE NO. CV12-04115 PJH
STIPULATION AND [PROPOSED] ORDER
RESETTING DATES

5

## **ATTESTATION**

Pursuant to Local Rule 5-1(i)(3) regarding signatures, I, Diane L. Webb, attest that concurrence in the filing of this document has been obtained from each of the other signatories. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 18th day of October, 2012, at San Francisco, CA.

/s/ *Diane L. Webb*
Diane L. Webb

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO